IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| HARRY THOMAS WILLIAMS,<br><br>    Movant,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CIVIL ACTION NO.: 5:20-cv-83<br><br>(Case No.: 5:14-cr-14) |

## REPORT AND RECOMMENDATION

Movant Harry Williams ("Williams"), who is currently housed at the Federal Correctional Institution in Jesup, Georgia, filed a 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. Doc. 1. Respondent filed a Motion to Dismiss, and Williams filed a Response. Docs. 3, 5. For the reasons which follow, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS** Williams' § 2255 Motion, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Williams *in forma pauperis* status on appeal and a Certificate of Appealability.

## BACKGROUND

After entry of a guilty plea, Williams was convicted in this Court of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(c), and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a). United States v. Williams, 5:14-cr-14 ("Crim. Case"), Doc. 46. Williams was sentenced to 180 months' imprisonment. Crim. Case, Doc. 49. Williams did not file a direct appeal. However, Williams filed a § 2255 motion and asserted his sentence under the Armed Career Criminal Act ("ACCA")

violated the due process clause and exceeded the statutory maximum because his Georgia burglary and sale of cocaine convictions did not qualify as predicate offenses under the ACCA. Crim. Case, Doc. 52 at 4.  Williams also contended his trial counsel was ineffective for failing to investigate whether Williams' prior convictions could be used to classify him as a career offender under the United States Sentencing Guidelines and for not moving for a downward departure based on reduced mental capacity.  Id. at 5, 7, 8.  This Court denied Williams' § 2255 motion on the merits after finding Williams procedurally defaulted his ACCA designation by not appealing that designation directly, Williams had the requisite qualifying predicate offenses for application of the ACCA, and his attorney did not render ineffective assistance.  Crim. Case, Docs. 63, 68.  The Eleventh Circuit Court of Appeals denied Williams' motion for certificate of appealability.  Crim. Case, Doc. 73.

Williams executed the instant § 2255 Motion—his second—on June 10, 2020, claiming the United States Supreme Court's decision in Rehaif v. United States, 139 S. Ct. 2191 (2019), provides him with relief for his felon-in-possession conviction under § 922(g)(1).  Doc. 1 at 1. Williams contends his guilty plea is unconstitutionally invalid because this Court misinformed him of the elements of this offense.

## DISCUSSION

**I.      Whether This Court Has Jurisdiction Over Williams' § 2255 Motion**

Respondent moves to dismiss Williams' § 2255 Motion as an unauthorized second or successive motion.  Doc. 3 at 2.  Respondent states Williams has already litigated a § 2255 motion in this Court and must receive permission from the Eleventh Circuit before he can file a second or successive § 2255 motion in this Court.  Because Williams failed to receive this permission, Respondent maintains this Court is without jurisdiction to entertain Williams'

current § 2255 Motion.  Id. at 3.  Williams contends he will seek permission from the Eleventh Circuit to file a second or successive § 2255 motion and asks this Court to hold in abeyance his § 2255 Motion until he does.  Doc. 5 at 2.

To file a second or successive § 2255 motion, the movant is required to first file an application with the appropriate court of appeals for an order authorizing the district court to consider the motion.  28 U.S.C. § 2244(b)(3)(A); Young v. FCI Miami Warden, 805 F. App'x 829, 831 (11th Cir. 2020) (quoting Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003)).  A panel of the court of appeals must certify the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  Without this authorization, a district court lacks jurisdiction to consider a second or successive § 2255 motion.  Burcks v. United States, 842 F. App'x 500, 502 (11th Cir. 2021) (citing Farris, 333 F.3d at 1216).

Here, Williams does not dispute he has filed a § 2255 motion on a previous occasion or this Court denied his previously filed motion on the merits.  Williams has not sought authorization from the Eleventh Circuit to file a second or successive § 2255 motion in this Court; thus, this Court is without jurisdiction to entertain Williams' § 2255 Motion and should dismiss the Motion.  In addition, the Court denies Williams' request to hold his § 2255 Motion in abeyance while he seeks the requisite authorization from the Eleventh Circuit.  Brown v. United States, No. 2:16-cv-90, No. 2:99-cr-55, 2016 WL 3926434, at *1 (S.D. Ga. July 18, 2016) (denying request to hold motion in abeyance because Brown did not receive authorization before filing his second or successive § 2255 motion).

## II.     Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Williams leave to appeal *in forma pauperis*. Though Williams has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "'without arguable merit either in law or fact.'" Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. Pursuant to Rule 11 of the Rules Governing Section 2255 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas

4

petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Williams' § 2255 Motion and Respondent's Motion to Dismiss and applying the Certificate of Appealability standards set forth above, there are no discernable issues worthy of a certificate of appealability; therefore, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Williams a Certificate of Appealability, Williams is advised he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, the Court should likewise **DENY** in forma pauperis status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss, **DISMISS** Williams' § 2255 Motion, **DIRECT** the Clerk of Court to

**CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Williams a Certificate of Appealability and *in forma pauperis* status on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 16th day of March, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA